```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Abdull Shaikh Shabaz

    v.                                    Civil No. 14-cv-340-LM

Kenneth Gill

## REPORT AND RECOMMENDATION

Abdull Shaikh Shabaz has filed a Complaint (doc. no. 1) alleging that Kenneth Gill has committed hate crimes against him and that Gill has violated Shabaz's Fourteenth Amendment rights. This matter is before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## PRELIMINARY REVIEW STANDARD

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**BACKGROUND**

Plaintiff Shabaz is an inmate at the Hillsborough County House of Corrections. Prior to his incarceration, he lived in an apartment in Manchester. While he lived there, Shabaz alleges that his neighbor, Kenneth Gill, was a member of a white supremacist organization. The Court presumes, based on the assertions in Shabaz's complaint, that Shabaz is African-American.

Shabaz alleges that Gill referred to Shabaz with offensive racial epithets, harassed Shabaz's visitors, stole from Shabaz, and made false reports to the police that Shabaz had committed crimes. Shabaz alleges that these acts were taken in furtherance of Gill's animosity against Shabaz based on Shabaz's race.

**DISCUSSION**

I. **Civil Rights Action**

Shabaz alleges that Gill's acts violated Shabaz's Fourteenth Amendment rights. The United States Constitution, however, "erects no shield against merely private conduct, however ... wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). No allegations in Shabaz's complaint provide any basis

2

for the court to recognize any civil rights claim against Gill for interfering with Shabaz's civil rights, and the claim should be dismissed.

## II. Hate Crimes

Shabaz alleges that Gill's actions constitute hate crimes against Shabaz. Federal and state hate crime laws, however, do not provide a private citizen with the right to prosecute the person who allegedly engaged in the crime. See, e.g., 18 U.S.C. § 249 (federal hate crime act); N.H.Rev.Stat. Ann. § 651:6 (state law providing for extended imprisonment for racially motivated crimes). Further, "a private citizen lacks a judicially cognizable interest in the prosecution of another." See Linda R. v. Richard V., 410 U.S. 614, 619 (1973). Accordingly, Shabaz's hate crime claim should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court recommends that this action be dismissed in its entirety. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De

3

Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

 

_____
Andrea K. Johnstone
United States Magistrate Judge

September 25, 2014

cc: Abdull Shaikh Shabaz, pro se